`

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| DEMARIO CENTEL MAXIE, ) | |
| ) | |
| Petitioner, ) | Civil No. |
| ) | 6:19-cv-300-JMH |
| V. ) | |
| ) | |
| Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Demario Maxie is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Maxie filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to challenge the validity of his conviction. [DE 1]. Because Maxie failed to sign his original petition, the Court issued a deficiency order. [DE 5]. Maxie has now complied with the Court's deficiency order and provided a habeas petition that satisfies Federal Rule of Civil Procedure 11. [DE 6]. Accordingly, the matter is now before the Court for an initial screening. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In 2014, a jury convicted Maxie of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(a), 924(a)(2), and 924(e), as well as aiding and abetting his co-defendant's possession of a firearm. *See United States v. Maxie*, et al., Case

No. 5:14-cr-00004-TBR (W.D. Ky. 2004), DE 61 therein. At trial, Maxie stipulated that prior to December 1, 2010, he had been convicted of a crime punishable by imprisonment for a term exceeding one year. *Id.* at DE 70 therein. Following the jury verdict, the Court sentenced Maxie to 180 months on each count of conviction, to be served concurrently for a total term of 180 months of federal imprisonment. *Id.* at DE 87 therein.

Maxie appealed his sentence, but the Sixth Circuit Court of Appeals affirmed. *See United States v. Maxie*, 647 F. App'x 551 (6th Cir. 2016). Maxie then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing ineffective assistance of counsel and that his predicate offense no longer counted for purposes of a § 924(e) enhancement under *Welch v. United States*, 136 S. Ct. 1257 (2016), and *Johnson v. United States*, 135 S. Ct. 2251 (2015). The trial court denied his § 2255 motion and denied a certificate of appealability as to each claim asserted. *See Maxie*, 5:14-cr-00004-TBR, DE 137 therein. Maxie then petitioned the Sixth Circuit for permission to file a second or successive § 2255 motion based on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), but the Sixth Circuit denied his r equest. *Id.* at DE 149 therein. Maxie now seeks relief in this Court by way of his pending 28 U.S.C. § 2241 petition.

In his § 2241 petition, Maxie argues that his conviction is invalid in light of the United States Supreme Court's recent

2

decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Specifically, he claims that *Rehaif* renders him "actually innocent" because at trial, he was not found to have knowingly violated the "status" element of being a felon in possession of a firearm. [*See* DE 6-1]. Upon the Court's preliminary screening, a habeas petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Maxie's petition must be denied upon screening because the petition states no viable claim for habeas relief. The correct mechanism for a federal prisoner to challenge his or her conviction is sentence is through a 28 U.S.C. § 2255(a) motion to vacate, not a 28 U.S.C. § 2241 petition. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). The Sixth Circuit has made clear that a § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Instead, the "savings clause" of 28 U.S.C. § 2255(e) allows a petitioner to proceed via § 2241 only under extraordinarily narrow circumstances, if the remedy afforded by § 2255 is "inadequate or

3

ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). To properly invoke the savings clause, the petitioner must assert a claim that he is "actually innocent" of the underlying offense by showing that after his conviction became final, the United States Supreme Court issued a retroactively applicable decision reinterpreting the substantive terms of the criminal statute under which he was convicted, in a manner that establishes that his conduct did not violate the statute after all. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Here, Maxie relies on the Supreme Court's decision in *Rehaif* which held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. Maxie argues that because he was not found to have "knowingly" violated the "status" element of being a felon in possession of a firearm, he is "actually innocent" of his crime of conviction. [DE 6-1 at 1]. This argument fails for a number of reasons.

First, to properly invoke the savings clause, the Supreme Court's newly-announced interpretation must be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308. While the Sixth Circuit has not yet addressed this issue, the

Eleventh Circuit has specifically held that the Supreme Court has **not** made the *Rehaif* decision retroactively applicable to cases on collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019).

Second, Maxie stipulated during trial that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. *See Maxie*, 5:14-cr-00004-TBR, DE 60 therein. Maxie now suggests that this stipulation does not prove that he had knowledge of his status as a person forbidden from possessing a firearm. But Maxie's reasoning is based on an overly-broad interpretation of *Rehaif*. Contrary to his assumption, *Rehaif* does not hold that the Government was required to prove that he knew he was prohibited from possessing a firearm to sustain a conviction under § 922(g)(1). As the Supreme Court explained:

> [t]he question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

*Rehaif*, 139 S. Ct. at 2194.

Thus, while the Government's burden includes proof that a defendant was aware of his "relevant status," meaning that he knew

5

that he was "a felon, an alien unlawfully in this country, or the like," *see id.* at 2195-96, it does not include proof that the defendant specifically knew that he was prohibited from possessing firearms. *See United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) (refusing to adopt the defendant's argument that *Rehaif* requires the Government to prove "that [defendants] both knew they possessed firearms and knew that they were unlawful users of a controlled substance" under § 922(g)(3)).

In fact, in *Bowens*, the Sixth Circuit rejected Maxie's unduly expansive reading of *Rehaif*:

> [D]efendants appear to argue that even if they knowingly used marijuana, *Rehaif* requires something more: that the Government prove each defendant "knew he was *prohibited from possession* [of a firearm] because he was an unlawful user of a controlled substance," that in other words he "knew of his status as a *prohibited person* . . . . [I]t is at least plausible that they were unaware that they were prohibited from possessing firearms under a subsection of 18 U.S.C. § 922(g) due to their regular and repeated drug use. Such knowledge, however, is not, and cannot be, what *Rehaif* requires.
>
> The defendants' reading of *Rehaif* goes too far because it runs headlong into the venerable maxim that ignorance of the law is no excuse. *Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.

*Bowens*, 938 F.3d at 797 (emphasis in original; citation omitted).

Maxie has not argued that he was unaware that he stood convicted of a prior felony punishable by imprisonment for a term exceeding one year. He instead states in passing that he "was not

6

aware that he was barred from possessing firearms at the time of his firearm possession." [DE 1-1 at 2]. As the *Bowens* opinion made clear, this does not entitle Maxie to relief under *Rehaif*. Maxie's petition thus fails to state a viable habeas claim.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1) Maxie's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 6] is **DENIED;** and

2) This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This the 7th day of January, 2020.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

7